UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| JAMES MCCONICO, JR., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 7:19-cv-1621-GMB |
| WAL-MART STORES INC., | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant's Motion to Dismiss. Doc. 5. Additionally pending are Defendant's Motion to Stay Discovery (Doc. 9) and Plaintiff's Motion to Compel Discovery. Doc. 11. Plaintiff James McConico, Jr. filed suit against Defendant Wal-Mart Stores Incorporated alleging fraudulent practices relating to Wal-Mart's money cards. Doc. 1-1. Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of a United States Magistrate Judge. After careful consideration of the parties' filings and the relevant law, and for the reasons stated below, the court concludes that the Motion to Dismiss (Doc. 5) is due to be granted. As a result, the Motion to Stay Discovery (Doc. 9) and the Motion to Compel Discovery (Doc. 11) are moot.

## I. JURISDICTION AND VENUE

The court has subject matter jurisdiction over the claims in this lawsuit

pursuant to 28 U.S.C. § 1332. The parties do not contest personal jurisdiction or that venue is proper in the Northern District of Alabama. The court finds adequate allegations to support both.

## II. FACTUAL BACKGROUND

The facts alleged in the complaint follow. McConico applied for a Wal-Mart money card in 2017. Doc. 1-1 at 2. His application was approved, and the card was mailed to his residence. Doc. 1-1 at 2. At the time, McConico was incarcerated in the custody of the Alabama Department of Corrections. Doc. 1-1 at 2. He used the card to purchase necessities for his grandchild. Doc. 1-1 at 2. Later, McConico's mother, who is in her 80s, accidentally threw away the money card. Doc. 1-1 at 2−3. At the time, McConico had at least $1200 in his account. Doc. 1-1 at 3.

McConico called Wal-Mart to explain the situation. Doc. 1-1 at 3. A Wal-Mart employee, Mary Doe, cancelled his old card and mailed a new one to him. Doc. 1-1 at 3. When McConico attempted to activate the new card, he was informed that he must have his driver's license, passport, and other forms of identification to do so. Doc. 1-1 at 3. McConico explained to Doe that he was incarcerated without identification and ordered her to close his account and mail a check to his family's residence. Doc. 1-1 at 3. Doe then informed McConico that the money could not be released until he provided identification. Doc. 1-1 at 3. On these facts, McConico alleges that Wal-Mart's false and misleading advertising fraudulently induced him

2

to purchase the money card. Doc. 1-1 at 3−4. McConico also alleges that Wal-Mart has been unjustly enriched. Doc. 1-1 at 3.

## III. PROCEDURAL HISTORY

Plaintiff initially filed this complaint in the Circuit Court of Bibb County as case number 07-CV-2019-000009. Defendant removed that action to federal court, where it has been assigned the case caption *McConico v. Wal-Mart Stores, Inc.*, 7:19-cv-1600-GMB (N.D. Ala.). Plaintiff filed the same complaint a second time in Bibb County as case number 07-CV-2019-000010. Doc. 1. Defendant also removed the second action to federal court, resulting in the instant federal action. Defendant now seeks to dismiss this case because it is duplicative of McConico's first suit.

## IV. STANDARD OF REVIEW

In considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is "plausible on its face" if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint "requires more

than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Factual allegations need not be detailed, but "must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Iqbal*, 556 U.S. at 678.

In addition to the pleading requirements of *Twombly* and *Iqbal*, a plaintiff's *pro se* status must be considered when evaluating the sufficiency of a complaint. "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Yet any leniency cannot serve as a substitute for pleading a proper cause of action. *See Odion v. Google Inc.*, 628 F. App'x 635, 637 (11th Cir. 2015) (recognizing that although courts must show leniency to *pro se* litigants, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action") (internal quotation marks omitted). "While the pleadings of *pro se* litigants are liberally construed, they must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. St. Lucie County Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010) (internal citations and quotation marks omitted).

## V. DISCUSSION

This case is due to be dismissed as duplicative of Plaintiff's other pending federal action. "It is well established that . . . the general principle is to avoid duplicative litigation." *I.A. Durbin, Inc. v. Jefferson Nat. Bank*, 793 F.2d 1541, 1551 (11th Cir. 1986) (internal citations and quotation marks omitted). And it "is well settled that a plaintiff may not file duplicative complaints in order to expand [his] legal rights." *Vanover v. NCO Fin. Servs. Inc.*, 857 F.3d 833, 841 (11th Cir. 2017) (internal citation and quotation marks omitted). "This doctrine rests on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id*. "Although no precise test has been articulated for making this determination that litigation is duplicative, the general rule is that a suit is duplicative of another suit if the parties, issues and available relief do not significantly differ between the two actions." *Georgia ex. Rel. Olens v. McCarthy*, 833 F.3d 1317, 1321 (11th Cir. 2016) (internal citation omitted). "Trial courts are afforded broad discretion in determining whether to stay or dismiss litigation in order to avoid duplicating a proceeding already pending." *I.A. Durbin, Inc.*, 793 F.2d at 1551.

Here, the parties, issues, and available relief do not differ. *See McCarthy*, 833 F.3d at 132. In both this action and in case number 7:19-cv-1600, McConico filed suit only against Wal-Mart. The issues and the allegations are the same. The relief

requested is the same.  In fact, the complaint filed in this action and the complaint filed in 7:19-cv-1600 are identical.  Accordingly, the case is due to be dismissed as duplicative.  *See McQueen v. Dunn*, 2019 WL 4744778, at *1 (N.D. Ala. Aug. 16, 2019) (dismissing case as duplicative where plaintiff filed an identical complaint in a previous action).

## VI.  CONCLUSION

For the foregoing reasons, it is ORDERED that the Motion to Dismiss (Doc. 5) is GRANTED and that this action is DISMISSED with prejudice.  It is further ORDERED that the Motion to Stay Discovery (Doc. 9) and the Motion to Compel Discovery (Doc. 11) are MOOT.

A separate judgment will be entered.

DONE and ORDERED on December 3, 2019.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE